## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THE INSURANCE COMPANY OF | § | |
| THE STATE OF PENNSYLVANIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0053 |
| | § | |
| EXXON MOBIL CORPORATION, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Reconsideration on Denial of Motion to Dismiss ("Motion for Reconsideration") filed by Exxon Mobil Corporation ("Exxon"), to which Plaintiff The Insurance Company of the State of Pennsylvania ("ICSP") filed a Response [Doc. # 32], and Exxon filed a Reply [Doc. # 33].  At the Court's request, the parties filed supplemental briefing [Docs. # 40, # 41, # 42, and # 43].  Based on the Court's review of the full record and relevant legal authorities, the Court **grants** the Motion for Reconsideration and **abstains** from consideration of ICSP's declaratory judgment claim in this case.

## I.     BACKGROUND

In January 2013, Kevin Roberts and Arturo Munoz, employees of Savage Refinery Services, LLC ("Savage"), were injured while working at Exxon's Baytown Refinery.  ICSP is Savage's workers' compensation insurance carrier.  Roberts filed

a personal injury lawsuit ("*Roberts* Lawsuit") against Exxon in Texas state court on January 16, 2013.  Roberts and Munoz, who did not file a lawsuit, have each fully settled his respective claims against Exxon.

ICSP filed this lawsuit on January 9, 2014.  ICSP later filed a First Amended Complaint [Doc. # 15], asserting a claim of negligence and/or premises liability on behalf of Roberts and Munoz, asserting a conversion claim on its own behalf, and seeking a declaratory judgment that it has not waived its subrogation rights regarding the workers' compensation benefits it paid to Roberts and Munoz.  Exxon moved to dismiss or abstain, and the Court denied the motion.  The Court noted that the state court lawsuit involving ICSP's subrogation rights had been removed to federal court.

On April 10, 2014, Exxon filed a Third Party Complaint against ICSP in the *Roberts* Lawsuit in state court.  On June 12, 2014, ICSP filed a Notice of Removal, and the case was denominated Civil Action No. H-14-1651.  Meanwhile, on April 23, 2014, Exxon sued ICSP and other insurers in Texas state court.  The case was removed to federal court on April 25, 2014, where it was denominated Civil Action No. H-14-1147.  The two removed cases were remanded to state court on August 20, 2014, following issuance of the new Fifth Circuit decision in *Trahan v. Liberty Mut. Ins. Co.*, 2014 WL 2581318 (5th Cir. June 10, 2014) (unpublished).[1]  A fourth related

---

[1]The Fifth Circuit held that claims seeking a declaration that a workers' compensation
(continued...)

case, *Starr Indem. & Liability Co. v. Exxon Mobil Corp.*, Civil Action No. H-14-0725, remains pending before this Court.

Exxon has now moved for reconsideration of the Court's decision denying its Motion to Dismiss or Abstain in this case. The Motion for Reconsideration has been fully briefed, including supplemental briefing requested by the Court following remand of Civil Actions No. H-14-1147 and No. H-14-1651. The Motion for Reconsideration is now ripe for decision.

## II.    STANDARD FOR RECONSIDERATION

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*,

---

[1](...continued)
insurance carrier contractually waived its rights under the Texas Labor Code – a claim at issue in Civil Action No. H-14-1147 and Civil Action No. H-14-1651 – "arise under Texas workers' compensation law" and, therefore, are not removable. *See Trahan*, 2014 WL 2581318 at *1.

303 F.3d 571, 581 (5th Cir. 2002)).  A litigant seeking relief under Rule 59(e) "must

clearly establish either a manifest error of law or fact or must present newly

discovered evidence."  *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr.*

*& Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426

F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).  Alternatively,

the movant can obtain relief under Rule 59(e) by showing that there has been an

intervening change in controlling law.  *See Schiller v. Physicians Resource Group*

*Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (citing *In re Benjamin Moore & Co.*, 319

F.3d 626, 629 (5th Cir. 2002)).

## III.   ANALYSIS

### A.    Motion for Reconsideration

Exxon argued in its prior motion that the Court should dismiss or abstain from

deciding ICSP's declaratory judgment claim pursuant to the Declaratory Judgment

Act, the Anti-Injunction Act, and principles of comity, federalism and abstention.[2]

The Court noted that Exxon's case against ICSP seeking a declaratory judgment that

ICSP had waived its subrogation rights – the precise issue in this case – was pending

---

[2]The Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  The Anti-Injunction Act, 28 U.S.C. § 2283, precludes a federal court from granting "an injunction to stay proceedings in a State court" except in circumstances not relevant here.

in federal court as Civil Action No. H-14-1147.  The subrogation issue was also pending in the *Roberts* Lawsuit, removed to federal court as Civil Action No. H-14-1651.  Each of those lawsuits has now been remanded to state court based on the recent Fifth Circuit decision in *Trahan*.  Consequently, a primary basis for the Court's denial of Exxon's prior motion has changed, and the Court agrees that reconsideration in appropriate.

###    B.    Motion to Dismiss or Abstain

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).  "Under *Brillhart*, a district court 'should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court.'"  *Id.* (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)).  In doing so, the Court must consider "the proper allocation of decision-making between state and federal courts [and] if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."  *Id.* at

390-91. "Consistent with *Brillhart*, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

In ascertaining whether the dispute can be better handled in state court, district courts in the Fifth Circuit consider seven nonexclusive factors:

> (1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)  whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4)  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5)  whether the federal court is a convenient forum for the parties and witnesses;
>
> (6)  whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7)  whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)).

Based on consideration of the *Trejo* factors in this worker's compensation dispute, the Court concludes that abstention is appropriate.

The first *Trejo* factor is the existence of a pending state court action in which all the issues in controversy can be resolved.  In this case, there are two lawsuits pending in state court in which the same subrogation issues are pending and in which Exxon and ICSP are parties.  There is the *Roberts* Lawsuit, in which Exxon filed a Third Party Complaint against ICSP.  That case, Civil Action No. H-14-1651, has been remanded to state court.  There is also the remanded case in which Exxon filed an original petition against ICSP and other insurers, Civil Action No. H-14-1147.  The case currently before the Court, and the two remanded state court cases, all involve the same workers' compensation issues.  The Court finds that this first factor weighs very heavily in favor of abstention.

Regarding the second and third *Trejo* factors, the Court cannot find from this record that this case was improperly filed in anticipation of the lawsuit or Third Party Complaint by Exxon against ICSP, or that either party has engaged in improper forum shopping.   "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'"  *Id.* at 391.

ICSP argues also that the Court should exercise its discretion against abstention in this declaratory judgment action because, in addition to the declaratory judgment claim, it is asserting a claim on behalf of Roberts and Munoz and a conversion claim

on its own behalf.  Roberts and Munoz have fully settled their disputes with Exxon.[3]
The conversion claim is based on ICSP's position that it is entitled to subrogation
under the workers' compensation laws and, therefore, Exxon's payment of settlement
funds to Roberts and Munoz constitutes conversion of ICSP's subrogation recovery.
The Court can remedy any alleged inequity, if deemed appropriate, by promptly
deciding the conversion claim after the state court resolves the subrogation issue.

This federal court is a convenient forum for the parties and witnesses, as this
Court is located in the same city and county as the state court in which the remanded
cases are pending.  However, abstaining will serve the purposes of judicial economy,
particularly since there are two state court lawsuits involving the same subrogation
issue.  This case is in the earliest stage.  The Court has not yet conducted an initial
scheduling conference and has not issued a Docket Control Order.  There is little
likelihood that this Court will be required to construe a state judicial decree, but there
exists the potential for inconsistent judgments if abstention is not granted.

The Court has carefully considered the *Trejo* factors for purposes of *Brillhart*
abstention.  The first factor weighs heavily in favor of abstention, as does the factor

---

[3]ICSP, as the workers' compensation carrier, has a right to assert claims on behalf of
the injured workers, but its right is derivative of the workers' claims.  *See* TEX. LABOR CODE
§ 417.001(b).  "There is but one cause of action against a third party tortfeasor – that of the
employee, who owns it burdened by the right of the insurance carrier to recoup itself for [*sic*]
compensation paid."  *Guillot v. Hix*, 838 S.W.2d 230, 232 (Tex. 1992).

regarding judicial economy.  The remaining factors are neutral, and any possible inequities can be alleviated by this Court after the state court resolves the subrogation issues.  Accordingly, the Court concludes that abstention is proper in this workers' compensation dispute.

## IV.    **CONCLUSION AND ORDER**

Based on recent Fifth Circuit authority and the subsequent remand of Civil Action No. H-14-1147 and Civil Action No. H-14-1651, the Court concludes that its prior decision denying Exxon's Motion to Dismiss or Abstain should be reconsidered. Having considered all relevant factors, the Court concludes that abstention in this worker's compensation dispute is appropriate.  Accordingly, it is hereby

**ORDERED** that Exxon's Motion for Reconsideration [Doc. # 29] is **GRANTED**.  It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending a final decision in the state court proceeding.  It is further

**ORDERED** that counsel are directed to file a joint status report on **December 30, 2014**, and every **ninety days** thereafter.  Counsel are further directed to advise the Court in writing within **fourteen days** after the state court proceeding is concluded and, if appropriate, shall move at that time for reinstatement of this case on the Court's active docket.

SIGNED at Houston, Texas, this **11th** day of **September, 2014**.

Nancy F. Atlas
United States District Judge